IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MATTHEW RICHARD COOMBES,<br><br>      Plaintiff(s),<br><br>vs.<br><br>DOLLAR RENT A CAR; JEFF LAMB II;<br>CITY OF DES MOINES, IA; DES MOINES<br>POLICE DEPARTMENT; J. DEWIE<br>(BADGE #4753); JUNE THORNASON<br>(BADGE #4737); OFFICER THOMAS;<br>OFFICER BUCK, DES MOINES<br>INTERNATIONAL AIRPORT; COUNTY OF<br>POLK, IA; POLK COUNTY COURTHOUSE;<br>CAROL EGLY; JAMES BIRKENHOLZ;<br>GREGORY BRANDT; POLK COUNTY<br>PROSECUTORS OFFICE; LINDA<br>ZANDERS, PROSECUTOR 1,<br>PROSECUTOR 2, AGA SERVICE<br>COMPANY d/b/a ALLIANZ GLOBAL<br>ASSISTANCE; HOTWIRE, INC; and STATE<br>OF IOWA,<br><br>      Defendant(s). | 4:15-cv-00067-JEG-HCA<br><br><br><br><br><br><br><br>REPORT AND RECOMMENDATION ON<br>PENDING MOTIONS |

Judge Gritzner has referred this case and its multiple pending motions to the undersigned for report and recommendation. 28 U.S.C. § 636(b)(1)(B). The motions are considered on the papers filed. LR 7.c. This is the third lawsuit plaintiff has filed concerning the incident described below. The first two cases, 4:13-cv-00224-JAJ-RAW and 4:13-cv-00263-JAJ-CFB, were dismissed *sua sponte* by the Court without any defendant being served or defensive motions filed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As set out in the Amended Complaint, Matthew Coombes is a resident of the state of Massachusetts who visited Iowa in March 2013[1]. During that trip he rented a car from a Dollar Rent a Car ("Dollar") facility located at the Des Moines International Airport ("DSM Airport"). Mr. Coombes experienced problems with operation of the car and returned it to the Dollar DSM Airport facility on March 3, 2013. While he was at the DSM Airport, Mr. Coombes complained to Dollar and its representative, Jeff Lamb II, about the car and how Dollar had treated him. As the Court understands the Amended Complaint [8], Mr. Coombes remained at the airport near the Dollar counter for several hours, talking on the telephone with other rental companies and with AGA Service Company d/b/a Allianz Global Assistance ("Allianz") about renting another car. During this period of time Mr. Coombes complained to other individuals about his problems with his Dollar rental. Mr. Coombes alleges that Mr. Lamb called the Des Moines Police Department to complain about Mr. Coombes. Officers Thornason and Dewie arrived to investigate the situation and ultimately Mr. Coombes was arrested for trespassing and harassment, misdemeanor charges. He was processed at the Polk County Jail and released several hours later. With the assistance of two friends, Martin and Mark Johnson, Mr. Coombes returned to the DSM airport to rent another car and to retrieve property he had left in his original rental car. Mr. Coombes claims that he never recovered 60 empty cans he planned to redeem for cash, one or two bottles of water and two cans of Coca Cola Zero that he had left in the original rental car as they had been discarded after he returned the vehicle. In addition, Dollar charged Mr. Coombes $50 for the car rental. Mr. Coombes claims that while he was at the airport again, he was harassed by two other police

---

[1] In the Amended Complaint, Mr. Coombes originally alleges that the visit occurred in 2011 (Doc. 8, page 10, line 6) but it is clear from the amended complaint as a whole that the Des Moines visit and alleged activities occurred in 2013.

officers, Officer Thomas and Officer Buck, and threatened with arrest if he did not leave the airport.

According to the Amended Complaint, Mr. Coombes appeared at the Polk County Courthouse before Judge Carol Egly on March 11 and March 26, 2013. Mr. Coombes filed several motions in the case, which he alleges were denied by Judge James Birkenholz. At least one of the motions dealt with a subpoena Mr. Coombes served on Allianz for telephone records, in response to which Polk County prosecutor Linda Zanders filed a successful motion to quash. It appears Mr. Coombes' case was set for trial before Judge Gregory Brandt on May 31, 2013, at which time he entered into an *Alford* plea to the misdemeanor offense of trespassing, after Ms. Zanders (along with Prosecutor 1 and Prosecutor 2) dismissed the harassment charge. As far as the Court can determine from the Amended Complaint, the conviction was not appealed and still stands.

In his Amended Complaint, Mr. Coombes makes the following claims against defendants Dollar Rent A Car; Jeff Lamb II; City of Des Moines, IA; Des Moines Police Department; J. Dewie (Badge #4753); June Thornason (Badge #4737); Officer Thomas; Officer Buck, Des Moines International Airport; County Of Polk, IA; Polk County Courthouse; Carol Egly; James Birkenholz; Gregory Brandt; Polk County Prosecutors Office; Linda Zanders, Prosecutor 1, Prosecutor 2, Aga Service Company D/B/A Allianz Global Assistance; Hotwire, Inc; and State Of Iowa arising out of the events in the spring of 2013:

> (1)      Against Dollar and Mr. Lamb - making a false report, conversion/theft of personal property and breach of contract and violation of 18 U.S.C. § 1512 (witness tampering) (Amended Complaint [8] §§ IIIA and IIIB);

> (2)      Against the Des Moines Police Department and Officers Dewie, Thornason, Thomas and Buck – false arrest and theft of property in violation of the Fourth,

Eighth and Fourteenth Amendments to the U.S. Constitution as well as 42 U.S.C.
§ 1983,[2] and 18 U.S.C. §§ 241, 242. (Amended Complaint [8] §§ IIIA and IIIB);

(3)     Against the DSM Airport and City of Des Moines – spoliation/withholding
of evidence in violation of 42 U.S.C. § 1983; 42 U.S.C. § 14141[3]; and 18 U.S.C. §
1512 (Amended Complaint [8] § III at page 32);

(4)     Against the State of Iowa and Judges Egly, Birkenholz and Brandt –
violation of rights to Due Process under the Fifth, Sixth and Fourteenth
Amendments to the  U.S. Constitution as well as violation of 28 U.S.C. § 351-354;
42 U.S.C. § 1983; 18 U.S.C. §§ 241, 241; and 42 U.S.C. § 14141 (Amended
Complaint [8] § IV);

(5)     Against Polk County, the Polk County Courthouse, the Polk County
Prosecutor's Office, Linda Zanders and Prosecutors 1 and 2 – violations of his civil
rights under 42 U.S.C. § 1983, 18 U.S.C. § 1512, and 42 U.S.C. § 14141 (Amended
Complaint [8] § V);

(6)     Against Allianz – breach of contract by failing to produce subpoenaed
documents (Amended Complaint [8] § VI); and

(7)     Against the State of Iowa – a challenge to Iowa's misdemeanor procedure
as violating 42 U.S.C. § 1983; 28 U.S.C. §§ 351-364, 18 U.S.C. § 1512 and the
First, Fourth, Fifth, Sixth, Eighth, Tenth and Fourteenth Amendments to the U.S.
Constitution (Amended Complaint [8] § VII).

Mr. Coombes makes additional complaints about actions taken by Judge Riley of the Eighth

Circuit Court of Appeals and Judge Jarvey in his other cases, but neither are named as defendants

nor have they been served. There is no showing that named defendant Hotwire, Inc. was served in

this case. Mr. Coombes also makes claims "on behalf of Claimants (not plaintiffs) Martin Johnson,

and Mark Johnson."

Defendants have filed multiple motions to dismiss, [6][7][27][28][29][39][44], raising

multiple grounds for dismissal, to which Mr. Coombes  has responded. Mr. Coombes  has filed

---

[2] The Amended Complaint at ¶ (16) on page 31 references § 83 but the Court takes this to be a
typographical error as there is no § 83 in Title 42.

[3] By its terms, the statute permits only the Attorney General of the United States to bring a civil
enforcement action.

multiple motions to "quash" [43], [47], [49] certain of defendants' motions to dismiss [27][28][29][39].

## II. APPLICABLE LAW AND DISCUSSION

A.    Threshold Issues

 Preliminarily, the Court addresses some "housekeeping" matters.  First, Mr. Coombes' attempt to bring claims on behalf of other individuals (styled as "claimants") is not permitted – Mr. Coombes is not an attorney and cannot represent anyone but himself in this Court. 28 U.S.C. § 1654; *see Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer ... has no right to represent another entity, i.e., a trust, in a court of the United States."). Second, Mr. Coombes' motions to quash should be denied insofar as they attempt to prevent defendants from bringing their defensive motions.  Defendants' motions to dismiss are proper under Federal Rule of Civil Procedure 12 and, contrary to Mr. Coombes' contentions in his responses,[4] timely filed and served under the local rules. The Court will recommend denying the motions to quash as such but will treat Mr. Coombes' motions to quash as responses to defendants' motions.

B.    Motions to Dismiss

 The standard for reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is "'stringent'". *Gebhardt v. ConAgra Foods, Inc.*, 335 F.3d 824, 829 (8th Cir. 2003);

---

[4] In his responsive papers, Mr. Coombes complains several of the defendants did not mail their motions to him as indicated in their certificates of service and suggests they did not do so in the other cases which were dismissed. As noted previously, the Court ordered dismissal of those cases *sua sponte* – no defendants had appeared nor had motions been filed. It does appear that the Polk County defendants inadvertently believed Mr. Coombes was served electronically, but counsel did re-serve the motion later. Mr. Coombes has had ample opportunity to respond to all motions and indeed has responded to all.

*Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)(quoting *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir. 1982)).

> For a pleading to state a claim for relief it must contain a short and plain statement of the claim showing that the pleader is entitled to relief. [*Horras v. Am. Capital Strategies, Ltd.,* 729 F.3d 798, 801 (8th Cir. 2013)] (citing Fed.R.Civ.P. 8(a)(2)). The complaint must contain facts sufficient to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).

*Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015). The Court must accept as true the factual allegations made in the complaint. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. "'[D]etailed factual allegations'" are not required but the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 557). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)).

With the exception of a few state law claims discussed *infra* at 9-10, Mr. Coombes' claims primarily are predicated on 42 U.S.C. § 1983, under which "a plaintiff must establish: (1) the

violation of a right secured by the Constitution or laws[5] of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law." *Virgil v. Wagner*, No. C15-2030-LRR, 2015 WL 4523556, at *3 (N.D. Iowa July 27, 2015)(citing *West v. Atkins,* 487 U.S. 42, 48 (1988)).

Judges Egly, Birkenholz and Brandt are sued for actions taken in their capacity as judicial officers. They are entitled to judicial immunity which "protects a judicial officer from civil suits seeking money damages, including those suits initiated under 42 U.S.C. § 1983." *Urban v. Sells*, No. 12-cv-4075-DEO, 2013 WL 4779192, at *3 (N.D. Iowa 2013) (citing *Callahan v. Rendlen,* 806 F.2d 795, 796 (8th Cir. 1986); *Pulliam v. Allen,* 466 U.S. 522, 529 (1984) and quoting *Bradley v. Fisher,* 13 Wall. 335, 80 U.S. 335, 336, 20 L. Ed. 646 (1871)("Judges of courts of record of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." )).

The State of Iowa is "immune from [federal] suits for money damages on account of sovereign immunity, as recognized by the Eleventh Amendment." *Hentjes v. Vandelist*, Civil No. 15-1203, 2015 WL 2454120, at *3 (D. Minn. May 22, 2015)(citing *Thomas v. St. Louis Bd. of Police Comm'rs,* 447 F.3d 1082, 1084 (8th Cir. 2006)).

Other defendants, the Polk County Courthouse, Des Moines International Airport, the Polk County Prosecutor's (Attorney's) Office, the Des Moines Police Department, Polk County and the City of Des Moines, are not suable entities with respect to Mr. Coombes' § 1983 claims. *See Young*

---

[5] As summarized above, Mr. Coombes relied on many federal statutes as bases for his claims, all of which are "laws of the United States." The parties did not brief whether those statutes provide a private right of action, although the Court has noted that 42 U.S.C. § 14141 may only be enforced by the Attorney General of the United States. *See supra* n.3.

*v. Durrell,* No. 4:15-cv-1244-CEJ, 2015 WL 5254516, at *2 (E.D. Mo.  Sept. 9, 2015)(citing

*Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 81 (8th Cir.1992) (departments or

subdivisions of local government are "not juridical entities suable as such"); *Catlett v. Jefferson*

*County,* 299 F.Supp.2d 967, 968–69 (E.D. Mo. 2004) (same); *Lair v. Norris,* 32 Fed. Appx. 175,

2002 WL 496779, at *1 (8th Cir. 2002) (jails are not suable entities); *Alsbrook v. City of Maumelle,*

184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (§ 1983 suit cannot be brought against state agency);

*Marsden v. Fed. Bureau of Prisons,* 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (jails are not entities

amenable to suit)).

Alternatively, with respect to the City of Des Moines, the Des Moines Police Department

and Polk County, *respondeat superior* does not apply and Mr. Coombes has not identified any

policy, custom or practice of these entities which allegedly resulted in or allowed violation of his

constitutional rights. *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91

(1978).

Finally, Linda Zanders and Prosecutors 1 and 2 are entitled to absolute immunity which

"covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the

presentation of the state's case at trial, and other conduct that is intimately associated with the

judicial process. *Urban*, 2013 WL 4779192, at *3 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259,

272 (1993); *Imbler v. Pachtman,* 424 U.S. 409, 430–31, n. 33 (1976) and *Brodnicki v. City of*

*Omaha,* 75 F.3d 1261, 1266 (8th Cir.1996)).

The Court will recommend the motions to dismiss [6][7][27][28] and [39] with respect to

these above persons and entities be granted. That leaves for discussion Mr. Coombes' claims

against Dollar and Lamb, Officers Dewie, Thornason, Thomas and Buck, and Allianz.

1.      Dollar and Lamb – Motion to Dismiss [44]

As summarized above, the Court understands Mr. Coombes' claims against Dollar and Lamb to be they made a false report leading to the misdemeanor charges against him, converted or stole his personal property, breached the car rental contract and violated 18 U.S.C. § 1512 (witness tampering) by not providing car records he requested or records regarding a call he made to Dollar on March 2, 2013 complaining he was having problems with the car. To the extent the first and the last claims identified above arise under § 1983, Dollar and Lamb cannot be held liable as they are not state actors. Plaintiff "must establish not only that a private actor caused a deprivation of constitutional rights, but that the private actor willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy." *Crawford v. Van Buren County, Ark.*, 678 F.3d 666, 670-71 (8th Cir. 2012) (quoting *Dossett v. First State Bank,* 399 F.3d 940, 951 (8th Cir. 2005)). Coombes alleges no facts that Dollar and Lamb willfully participated with the officers who responded to their call, only unsupported speculation. *See Barber v. C1 Truck Driver Training, LLC,* 656 F.3d 782, 801 (8th Cir. 2011).

Additionally, to the extent the false report claim could be viewed as attacking the validity of Mr. Coombes' misdemeanor conviction, it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87.  Mr. Coombes entered into an *Alford* plea, which the Eighth Circuit has held to be "indistinguishable from other guilty pleas." *United States v. Salean*, 583 F.3d 1059, 1061 (8th Cir.

2009). Although in his multiple responses to defendants' *Heck* defenses Mr. Coombes argues at length about the circumstances of his plea and its effect, the law is clear. Any claim that impacts the validity of the misdemeanor conviction is barred by *Heck*.

As for the conversion/theft claim, the Court regards this as arising under state law.  In the present Amended Complaint, the citizenship status of Dollar Rent A Car and Mr. Lamb are not alleged and thus jurisdiction against the rental company (Dollar) and Mr. Lamb cannot be determined from a reading of the Amended Complaint. Additionally, as set out in the Amended Complaint, Mr. Coombes' damages from the alleged theft of his property is minimal, not more than $100. Diversity jurisdiction in federal court is based on the presence of citizens of different states and a matter in controversy exceeding $75,000, 28  U.S.C. § 1332(a), neither of which is found in the present Amended Complaint. Because the Court will be recommending dismissal of the federal claims, independent federal subject matter jurisdiction over this claim will not exist and it should be dismissed.

2.      Dewie, Thornason, Thomas and Buck – Motions to Dismiss [6][7]

Mr. Coombes' claims against Officers Dewie, Thornason, Thomas and Buck, as set out in the Amended Complaint, are based strictly on federal law: false arrest and theft of property in violation of the Fourth, Eighth and Fourteenth Amendments to the U.S. Constitution as well as 42 U.S.C. § 1983, and 18 U.S.C. §§ 241, 242. The false arrest claim fails under *Heck* as any finding in favor of Mr. Coombes would invalidate the misdemeanor conviction. The theft claim fails under *Iqbal/Twombly*[6] as there is insufficient factual content in the Amended Complaint from which the Court would reasonably infer defendants committed a theft of Mr. Coombes' property. All that is alleged is that the officers "conducted a search of him (sic) items without a warrant . . . and either

---

[6] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

stole or purposely discarded Mr. Coombes personal property without his Permission." (Amended Complaint [8] at 28 ¶ (9)). The mere fact that the officers conducted a search of Mr. Coombes at this time of his arrest does not logically lead to a conclusion that they stole his property, which he later in the paragraph says was left in the rental car he had brought back to Dollar. (*Id.* at 29). If considered as a state law theft claim, the Court recommends declining exercise of supplemental jurisdiction over the claim as the jurisdictional amount is not met, as discussed *supra* at 9.

    3.    Allianz

Finally, with respect to defendant Allianz Global, Mr. Coombes appears to be making a state law breach of contract claim on the basis Allianz did not produce documents in response to his subpoena in defense of the misdemeanor charges against him. As described in the Amended Complaint, Allianz provided damage insurance coverage for a vehicle Mr. Coombes rented from Dollar. The terms of the insurance contract are not otherwise indicated in the pleading. Under Iowa law, Mr. Coombes must prove

> (1) the existence of a contract; (2) the terms and conditions of the contract; (3) that [plaintiff] has performed all the terms and conditions required under the contract; (4) the defendant's breach of the contract in some particular way; and (5) the plaintiff has suffered damages as result of the breach.

*Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222, 224 (Iowa 1998). In his complaint Mr. Coombes does not identify what provision of the contract was breached or how Allianz breached that duty. The Amended Complaint fails to state "facts sufficient to state a claim that is plausible on its face." *Twombly,* 550 U.S. at 570.

Furthermore, to the extent Mr. Coombes' claims against Allianz could be construed as making a civil rights claim under § 1983, as with Dollar and Lamb, Allianz cannot be held liable as it was not state actor. *Crawford*, 678 F.3d at 670. Additionally, to the extent the failure to respond to subpoena claim could be viewed as attacking the validity of Mr. Coombes'

misdemeanor conviction, it is barred by *Heck*, 512 U.S. at 486-87. Finally, the Amended Complaint does not adequately allege the citizenship of Allianz or the $75,000 amount in controversy requirement; therefore, the Court does not have independent federal subject matter jurisdiction over the claims against Allianz, once federal question jurisdiction is gone.

### III. REPORT AND RECOMMENDATION AND ORDER

Based on the foregoing, IT IS RESPECTFULLY RECOMMENDED the Court **deny plaintiff's motions to quash [43][47][49]** but treat them as responses to defendants' motions and **grant the motions to dismiss [6][7][27][28][29][39][44].**

IT IS ORDERED that the parties have until **May 13, 2016** to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *Thompson*, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of plaintiff's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

IT IS SO ORDERED.

Dated this 26th day of April, 2016.

HELEN C. ADAMS
UNITED STATES MAGISTRATE JUDGE